IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES RAYMOND ALBERTO SR., | : | Civil No. 3:25-cv-619 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| LACKAWANNA COUNTY PRISON WARDEN, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff James Alberto Sr. ("Alberto"), an inmate confined at the Lackawanna County Prison, in Scranton, Pennsylvania, initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are the Warden of the Lackawanna County Prison, the Warden of the Luzerne County Prison, Timothy Wren (a correctional officer at the Luzerne County Prison), and Corporal Wilks (a corporal at the Luzerne County Prison). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the following reasons, the Court will order Alberto to show cause why his claims should not be dismissed based on his failure to exhaust administrative remedies.

### I. Legal Standard

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.

*See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The

2

plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Alberto proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. Discussion

Alberto sets forth allegations related to his incarceration at the Lackawanna County Prison and the Luzerne County Prison. (Doc. 1 at 4-7). He alleges that a correctional

4

officer assaulted him and sprayed him with oleoresin capsaicin ("OC") spray. (*Id.*). Alberto also alleges that he lost personal items during his transfer between prisons. (*Id.*).

Pursuant to the Prison Litigation Reform Act ("PLRA"), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, or any other federal law, he must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e; *Ross v. Blake*, 578 U.S. 632 (2016). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (footnote and quotation marks omitted). Requiring exhaustion provides prison officials a "fair opportunity to correct their own errors." *Id.* at 94.

"[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 212 (2007); *Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 602 (3d Cir. 2015) (exhaustion of prison administrative remedies is mandatory under the PLRA). The only exception to the PLRA's exhaustion requirement is built-in. As confirmed by the United States Supreme Court in *Ross, supra*: "A prisoner need not exhaust remedies if they are not 'available.'" *Ross*, 578 U.S. at 636.

An inmate's failure to exhaust will be excused "under certain limited circumstances," *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002); *see also Ross*, 578 U.S. at 643-44 (an administrative procedure is not available when it operates as a simple dead end; when it is so opaque that it becomes incapable of use; and when prison officials thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation.). Further, "administrative remedies are not 'available' under the PLRA where a prison official inhibits an inmate from resorting to them through serious threats of retaliation and bodily harm." *Rinaldi v. United States*, 904 F.3d 257, 267 (3d Cir. 2018).

Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires resolution of disputed facts. *Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013).

Dismissal of an inmate's claim is appropriate when the prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. *Nifas v. Beard*, 374 F. App'x 241, 245 (3d Cir. 2010) (nonprecedential) (affirming grant of summary judgment that dismissed claims without prejudice where administrative remedies were not exhausted prior to commencement of action); *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (nonprecedential) (citing *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9)

("Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."). Furthermore, the filing of an amended complaint after an unexhausted claim is presented to the court does not cure the infirmity. *Id.* at 209 (holding that "[w]hatever the parameters of 'substantial compliance' referred to there, it does not encompass a second-step appeal five months late nor the filing of a suit before administrative exhaustion, however late, has been completed. It follows that Ahmed cannot cure the defect in his action by the proffered amendment of the complaint.").

A plaintiff is not required to allege that he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Nevertheless, *sua sponte* dismissal is appropriate where "the basis [of plaintiff's failure to exhaust his administrative remedies] is apparent from the face of the complaint." *Id.* at 297.

Although not required to, Alberto addresses the issue of exhaustion of administrative remedies in his complaint, indicating that, although he filed a grievance related to the claims raised in his complaint, he did not receive a final response. (Doc. 1 at 9-10). Alberto states that the "grievance [is] still pending" and "is currently still in [the] last stage with [the] Warden." (*Id.* at 9). Alberto admits that he has not exhausted his remedies as to his present claims. (*Id.*). Based on the facts as alleged, the Court cannot excuse Alberto's admitted failure to exhaust the claims raised in his complaint. Accordingly, based on Alberto's admission of his failure to exhaust claims raised in his complaint, the complaint is

subject to dismissal without prejudice pursuant to 28 U.S.C. § 1997e(a). *See Booth v. Churner*, 206 F.3d 289, 300 (3d Cir. 2000) (determining that dismissal without prejudice is appropriate when an inmate has failed to exhaust his available administrative remedies before filing an action under 42 U.S.C. § 1983). However, the Court will grant Alberto leave to show cause why this action should not be dismissed for failure to exhaust administrative remedies prior to initiating suit in this Court. *See Oriakhi*, 165 F. App'x at 993.

### III. Conclusion

Consistent with the foregoing, the Court will grant Alberto leave to proceed *in forma pauperis*. The Court will direct Alberto to show cause why this action should not be dismissed for failure to exhaust administrative as required by the PLRA.

A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: April 21, 2025